IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      **Plaintiff,**

v.                                                                                        No. 1:22-CR-896-MLG

**ORLANDO DIAZ, et al.,**

      **Defendants.**

## DEFENDANTS' JOINT UNOPPOSED MOTION TO CONTINUE

Defendant Erminio Gonzalez and Defendant Orlando Diaz jointly move for a continuance of the trial currently set for September 11, 2023, and the attendant pretrial deadlines, for a period of no less than sixty (60) days. The grounds for this motion are as follows:

1. This case involves four defendants and eight counts: a drug-trafficking conspiracy in violation of 21 U.S.C. § 846; possession with intent to distribute 400 grams or more of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); prohibited possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and (g)(9); two counts regarding felons in possession of firearms in violation of 18 U.S.C. § 922(g)(1); possession of fentanyl in violation of 21 U.S.C. § 844; and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(i). *See* Second Superseding Indictment (Doc. 63).

2. On June 16, 2023, the Court entered an order setting this matter for jury selection and trial on September 11, 2023 on a trailing docket. *See* Ord. Granting Continuance (Doc. 118).

3. The Court may continue a criminal trial when the continuance serves "the ends of justice." 18 U.S.C. § 3161(h)(7)(A).

4. To apply the ends-of-justice exception, the Court must consider the factors set forth in 18 U.S.C. § 3161(h)(7)(B)(i)-(iv): (i) whether denying the continuance would be "impossible" or "result in a miscarriage of justice"; (ii) whether "the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law" make the case complex; (iii) if an indictment is delayed after arrest has already occurred, whether the circumstances are unusual or complex; and (iv) whether denying the continuance would interfere with the parties' rights to counsel or would deny the parties "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *United States v. Toombs*, 574 F.3d 1262, 1268-69 (10th Cir. 2009).

5. As the United States Supreme Court has said, the plea-negotiations process "is not some adjunct to the criminal justice system; it *is* the criminal justice system." *Missouri v. Frye*, 566 U.S. 134, 144 (2012) (quotations omitted); *see also Lafler v. Cooper*, 566 U.S. 156, 170 (2012) ("[C]riminal justice today is for the most part a system of pleas, not a system of trials."). Although not explicitly listed amongst the factors for the Court's consideration, therefore, "[p]eriods of time devoted to negotiating plea agreements" may be excluded where those negotiations serve the ends of justice. *United States v. Cano-Silva*, 402 F.3d 1031, 1034 (10th Cir. 2005).

6. The Court has granted five prior continuances in this case. *See* Ord. to Continue (Doc. 41); Ord. to Continue (Doc. 54); Ord. to Continue (Doc. 92); Ord. to Continue (Doc. 101); Ord. Granting Continuance (Doc. 118).

7. Two of the four defendants have entered plea agreements in approximately the past two months: Defendant Shamon Pacheco (Doc. 114) and Defendant Ray Lee Brown (Doc. 126). The remaining two defendants have likewise been engaged in ongoing plea negotiations.

8. On July 20, 2023, Defendant Erminio Gonzalez requested a "Form 13" Presentence Report in order to facilitate plea negotiations with the Government. *See* Mot. for Form 13 PSR (Doc. 135). This motion was granted on July 27, 2023 (Doc. 139), but the Probation Office has not yet had sufficient time to complete the requested report.

9. In keeping with the Local Rules, Mr. Gonzalez's request for a "Form 13" required him to waive his right to a speedy trial while he awaits the report. *See* D.N.M.LR-Crim. 32.F(a)(1).

10. Defendant Orlando Diaz is, as noted above, also actively engaged in negotiations for a possible plea agreement. *See* Mot. to Continue (Doc. 116) at 1-2 (describing the impact of Mr. Diaz's "serious medical problems" on his ability to engage in those negotiations).

11. Plea negotiations have not yet been exhausted. Should the negotiations fail, counsel shall require additional time to engage in motion practice and trial preparation, which practice and preparation they have delayed in order to allow the plea discussions to bear fruit. Said preparation efforts are necessary in order to provide effective representation to the Defendants at trial.

12. The Defendants and their counsel respectfully request that the Court continue the trial date and the pretrial deadlines for at least sixty (60) days in order to allow counsel to complete all the tasks outlined above and to prepare for trial.

13. A denial of the requested continuance would not permit counsel "the reasonable time necessary for effective preparation," would ignore the complexity of the case, and would be likely to "result in a miscarriage of justice." *Toombs*, 574 F.3d at 1268-69.

14. Counsel for the Government does not oppose the requested continuance.

15. Excluding the requested 60-day time period from calculations of time under the Speedy Trial Act thus serves the ends of justice and outweighs the interests of the public and the Defendants in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

WHEREFORE, Defendant Erminio Gonzalez and Defendant Orlando Diaz respectfully request that the Court enter an order vacating the September 11, 2023 trial setting and continuing the trial date and all the other pretrial deadlines for a period of not less than sixty (60) days.

Respectfully submitted,

 /s/Elizabeth A. Harrison
Elizabeth A. Harrison
KENNEDY, HERNANDEZ, & HARRISON, P.C.
201 Twelfth Street Northwest
Albuquerque, New Mexico 87102
(505) 842-8662
eharrison@kennedyhernandez.com

Michael L. Rosenfield
LAW OFFICE OF MICHAEL L. ROSENFIELD
P.O. Box 25652
Albuquerque, NM 87125-0652
rosenfieldlawoffice@gmail.com

I hereby certify that a true and correct copy of
the foregoing was electronically filed and served
on all counsel of record via CM/ECF on August
15, 2023.

 /s/Elizabeth A. Harrison